IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony James, #310987, a/k/a Anthony Glenn James, Jr., ) | C/A No.: 1:10-2794-HMH-SVH |
| Plaintiff, ) | |
| vs. ) | ORDER |
| Lt. Wonda Scarborough and Anthony J. Padula, Warden of Lee Correctional Institution, ) | |
| Defendants. ) | |

Plaintiff, proceeding *pro se*, brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated at Lee Correctional Institution ("LCI") in the custody of the South Carolina Department of Corrections ("SCDC"). Plaintiff alleges defendant Wonda Scarborough used excessive force on him on October 2, 2009 ("subject incident") in violation of his constitutional rights. Before the court are the following motions: (1) Plaintiff's Motions to Compel [Entry #24, #79]; (2) Plaintiff's Motions for Subpoenas [Entry #35, #43, #50]; (3) Plaintiff's Motion for a Physical and Mental Examination [Entry #36]; (4) Plaintiff's Motion for an Extension of Time to Complete Discovery and for Sanctions [Entry #41]; (5) Plaintiff's Motion to Transfer to Charleston County Detention Center [Entry #76]; and (6) Plaintiff's Motion to Amend the Complaint [Entry #81]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).

I.    Plaintiff's motions to compel

Plaintiff's first motion to compel [Entry #24] seeks responses to discovery he allegedly served on Scarborough on February 15, 2011. Scarborough has not filed a response to Plaintiff's motion. Therefore, Scarborough is directed to serve responses to Plaintiff's discovery by December 8, 2011.[1]

Plaintiff's second motion to compel [Entry #79] seeks information from the SCDC, a non-party, related to the investigation of the subject incident. Because the SCDC is not a party to this action, Plaintiff may not obtain the requested information through a motion to compel. Plaintiff may serve a subpoena on the SCDC requesting such information by contacting the Clerk of Court and providing the Clerk's office with a completed Form AO 88 (Subpoena in a Civil Case), together with the necessary costs or fees. Therefore, because the SCDC is not a party to this action and Plaintiff has not indicated it was previously properly-served with a subpoena, Plaintiff's motion to compel [Entry #79] is denied.

II.   Plaintiff's motions for subpoenas

Plaintiff has filed three motions for subpoenas [Entry #35, #43, #50], for which he seeks documents, testimony, and a third-party witness to report to the undersigned. Although Plaintiff has been granted in forma pauperis status, it is well-settled that a grant of such status does not mean that an "in forma pauperis plaintiff's discovery [or other

---

[1] To the extent Plaintiff seeks more detailed responses from defendant Anthony J. Padula, his request is denied, as Padula was dismissed from this action pursuant to the Plaintiff's stipulation of dismissal. [Entry #49].

court] costs either are underwritten or are waived." *Badman v. Stark*, 139 F.R.D. 601, 604 (M.D.Pa. 1991); *Boring v. Kozakiewicz*, 833 F.2d 468, 473–75 (3rd Cir. 1987) (district court not required to pay for plaintiffs' expert medical witness); *Johnson v. Hubbard*, 698 F.2d 286, 289–91 (6th Cir. 1983) (lower courts have no duty to pay for witness fees in civil, non-habeas corpus cases); *see generally United States Marshals Service v. Means*, 741 F.2d 1053, 1057 (8th Cir. 1984) (en banc) (in forma pauperis grant under § 1915 does not require courts of the United States to pay witness fees and other costs for indigent plaintiffs in § 1983 actions). Therefore, because Plaintiff has not tendered the witness fees and payment for costs for service of the subpoenas,[2] Plaintiff's motions for subpoenas [Entry #35, #43, #50] are denied. If Plaintiff wishes to obtain subpoenas, he may do so by contacting the Clerk of Court and providing the Clerk's office with a completed Form AO 88 (Subpoena in a Civil Case), together with the necessary witness fees.

III.    Plaintiff's motion for a physical and mental evaluation

In his motion for a physical and mental evaluation [Entry #36], Plaintiff requests an examination by a physician from the Medical University of South Carolina ("MUSC"), because he believes the SCDC medical staff is discriminating against him because he is from Charleston, South Carolina. Plaintiff's basis for requesting such an examination does not appear to be related to this case. Plaintiff cannot bypass the SCDC grievance

---

[2] The undersigned notes, without deciding, that Plaintiff would not necessarily be entitled to the subpoena if he had tendered the witness and mileage fees.

3

process by bringing grievances unrelated to the subject incident. Therefore, Plaintiff's request for a physical and mental evaluation by a physician at MUSC [Entry #36] is denied.

IV.   Plaintiff's motion for an extension of time for discovery and for sanctions

In his motion [Entry #41], Plaintiff sought an extension for discovery and reiterated his request for discovery as previously sought in his motion to compel [Entry #24]. It appears that Plaintiff's motion is now moot, and is therefore denied [Entry #41]. Plaintiff's request for $3,500 in costs as a sanction for Scarborough's alleged failure to comply with discovery is also denied.

V.   Plaintiff's motion to transfer

Plaintiff filed a motion to transfer [Entry #76] seeking to transfer to the Charleston County Detention Center, for reasons that appear unrelated to the subject incident. In any event, there is no constitutional right for a state or federal prisoner to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. *See Olim v. Wakinekona*, 461 U.S. 238 (1983); *Ange v. Paderick*, 521 F.2d 1066 (4th Cir. 1975). The placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions, and are not subject to review unless state or federal law places limitations on official discretion. *Hayes v. Thompson*, 726 F.2d 1015, 1016–1017 & n. 1 (4th Cir. 1984). Therefore, Plaintiff's motion to transfer [Entry #76] is denied.

VI.  Plaintiff's motion to amend the complaint

Plaintiff's motion to amend [Entry #81] seeks to amend his complaint to assert claims against multiple additional defendants related to the details of his placement on suicide watch, an incident unrelated to the subject incident.  Additionally, one of the defendants Plaintiff seeks to add is Warden Padula, who Plaintiff previously stipulated to dismiss from this action. [Entry #49]. "[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (internal quotation marks omitted).  Plaintiff's motion to amend the complaint was filed almost six months after the expiration of the deadline to add additional parties and concerns claims unrelated to his claims against Scarborough.  Specifically, Plaintiff's claims against Scarborough have been pending since October 29, 2010, and Plaintiff filed his motion on September 8, 2011 to add the unrelated claims against defendants other than Scarborough.  Because the case against Scarborough has progressed through discovery and dispositive motions and is approaching trial, it would be prejudicial to Scarborough to allow Plaintiff to now amend to add the unrelated claims against other defendants. Therefore, Plaintiff's motion to amend the complaint [Entry #81] is denied.

III.    Conclusion

For the foregoing reasons, it is ordered that Plaintiff's motion to compel [Entry #24] be granted and the following motions be denied: (1) Plaintiff's Motions to Compel [Entry #79]; (2) Plaintiff's Motions for Subpoenas [Entry #35, #43, #50]; (3) Plaintiff's Motion for a Physical and Mental Examination [Entry #36]; (4) Plaintiff's Motion for and Extension of time to Complete Discovery and for Sanctions [Entry #41]; (5) Plaintiff's Motion to Transfer to Charleston County Detention Center [Entry #76]; and (6) Plaintiff's Motion to Amend the Complaint [Entry #81].

IT IS SO ORDERED.

November 10, 2011                                    Shiva V. Hodges
Florence, South Carolina                             United States Magistrate Judge