IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Anthony James, #310987, a/k/a Anthony Glenn James, Jr., | ) ) ) |
| Plaintiff, | ) C.A. No. 1:10-2794-HMH-SVH ) ) |
| vs. | ) **OPINION & ORDER** ) |
| Lt. Wonda Scarborough and Anthony J. Padula, Warden of Lee Correctional Institution, | ) ) ) ) ) |
| Defendants. | ) |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Anthony James ("James"), a state prisoner proceeding pro se, brought this action pursuant to 42 U.S.C. § 1983, claiming a violation to his Eighth Amendment rights in connection with an alleged assault by Defendant Lt. Wonda Scarborough ("Scarborough").  Both parties moved for summary judgment.  Magistrate Judge Hodges concluded that genuine disputes over material facts precluded entry of summary judgment in favor of either party and therefore recommended denying the parties' motions for summary judgment.  James filed objections to the Report and Recommendation.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

James objects to the magistrate judge's conclusion that genuine disputes of material fact exist as to the nature of and justification for Scarborough's use of force. He contends that he is entitled to summary judgment on his claim of excessive force because Scarborough admitted in state court that she engaged in criminal conduct by her participation in South Carolina's pretrial intervention program for charges of assault and battery and misconduct in office associated with the prison disturbance. (Objections 1.) In support of his contention, James submitted a South Carolina Department of Corrections' ("SCDC") internal investigative memorandum that notes the charges against Scarborough and her successful participation in pretrial intervention. (Pl. Mot. Summ. J. Ex. 1 (SCDC Investigative Memorandum at 2).) Completion of South Carolina's pretrial intervention program, however, is not tantamount to an admission of guilt. See S.C. Code Ann. § 17-22-150. Furthermore, the SCDC internal memorandum relied upon by James contains testimony from SCDC corrections officers that directly conflicts with Scarborough's allegations that she perceived James as a threat and that she used the minimal amount of force necessary to prevent any harm to herself or James. (Id. Ex. 1 (SCDC Investigative Memorandum at 2); Def. Mot. Summ. J. Ex. B (Scarborough Aff. ¶¶ 4-7).) In resolving James' motion for summary judgment, the portrayal of events advanced by

Scarborough, as the non-moving party, must be credited. <u>Charbonnages de France v. Smith</u>, 597 F.2d 406, 414 (4th Cir. 1979). Consequently, the court agrees with the magistrate judge's determination that James is not entitled to summary judgment on his claim for excessive force.

After a thorough review of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge Hodges' Report and Recommendation.

It is therefore

**ORDERED** that Scarborough's motion for summary judgment, docket number 71, is denied except to the extent Scarborough is sued for monetary damages in her official capacity it is granted. It is further

**ORDERED** that James' motion for summary judgment, docket number 96, is denied.

**IT IS SO ORDERED.**

                                              s/Henry M. Herlong, Jr.
                                              Senior United States District Judge

Greenville, South Carolina
December 5, 2011